**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector VAZQUEZ, Defendant–
Appellant.**

**No. 05–11089
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 2006.

---

**3.** We note here only that an issue was stated in the brief. We make no finding whether this statement of the issue is sufficient, as that question is not before this court.

Frederick M. Schattman, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, for Plaintiff–Appellee.

Kirk Matthew Claunch, The Claunch Law Firm, Fort Worth, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Hector Vazquez appeals from his conviction of being a felon in possession of a firearm. He contends that the firearm on which his conviction was based was not seized during a permissible protective sweep of the type authorized by *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).

Vazquez was arrested inside one half of a duplex located at 5417 Lindsley in Dallas. The firearm was seized from an armoire in Vazquez's bedroom, in the other half of the duplex, at 5419 Lindsley. The arresting officers had warrants for the arrest of Vazquez and Fidel Aguilera, who listed the duplex as his home address. Both halves of the duplex were owned by Vazquez's parents, who were on the front porch during Vazquez's arrest. Vazquez led officers on a chase through both halves of the duplex. After he was apprehended and read his rights, one of the arresting officers asked Vazquez whether there were any weapons present, and Vazquez directed him to the firearm in the armoire.

We do not determine whether the *Buie* protective sweep rationale applies to Vazquez's case. In light of the possibility that Aguilera might be hiding in the du-

plex, Vazquez telling the officer of the exact location of the firearm gave rise to an exigent circumstance of potential danger sufficient to justify the arresting officer's search for, and seizure of, the firearm. *See United States v. Shannon*, 21 F.3d 77, 81–82 (5th Cir.1994); *United States v. Richard*, 994 F.2d 244, 247–48 (5th Cir.1993). On the findings of the district court, the officer acted reasonably in seizing the weapon specifically identified by Vazquez.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.